UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SHARRON TASHA FORD,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, a
Florida municipal corporation, and
ROBERT KELLMAN, RICKY LAUTURE,
and RUSSELL FAINE, in their individual
capacities,

     Defendants.

_____/

## NOTICE OF REMOVAL

Defendants, CITY OF BOYNTON BEACH, ROBERT KELLMAN, RICKY LAUTURE,

and RUSSELL FAINE, by and through their undersigned attorneys, and pursuant to 28 U.S.C.

§1446, remove this action from the Fifteenth Judicial Circuit in and for Palm Beach County, State

of Florida, and as grounds therefore state as follows:

     1.     Plaintiff, SHARRON TASHA FORD, has sued the Defendants, CITY OF

BOYNTON BEACH (hereinafter referred to as "CITY"), OFFICER ROBERT KELLMAN

(hereinafter referred to as "KELLMAN") OFFICER RICKY LAUTURE (hereinafter referred to as

"LAUTURE"), OFFICER RUSSELL FAINE (hereinafter referred to as "FAINE"), for an alleged

deprivation of Plaintiff's federally protected rights pursuant to 42 U.S.C. §1983.

     2.     The first pleading giving rise to a right to remove the action was Plaintiff's Complaint

which was served on Boynton Beach Police Officers, on June 29, 2010.

3.     Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction in that the action presents a "federal question" and seeks to redress the alleged deprivation of Plaintiff's federally protected rights pursuant to 42 U.S.C. §1983.  To the extent any state law claims are asserted, the Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. §1367(a).

4.     Pursuant to 28 U.S.C. §1441(b), as this action presents a "federal question" and seeks to redress the alleged deprivation of Plaintiffs federally protected rights pursuant to 42 U.S.C. §1983.  This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. §1367(a).

5.     Pursuant to 28 U.S.C. §§1441(b), the action is removable to this Court.  A copy of the Complaint together with all other papers filed in the state court action are attached hereto as "Exhibit A".

6.     This Notice of Removal has been joined in by all of the Defendants in the action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to counsel on the attached Service List, this 16th day of _____ July _____ 2010.

> JOHNSON, ANSELMO, MURDOCH,
> BURKE, PIPER & HOCHMAN, P.A.
> Attorneys for Defendants
> 2455 East Sunrise Boulevard, Suite 1000
> Fort Lauderdale, Florida 33304
> Telephone:   (954) 463-0100
> Facsimile:   (954) 463-2444
>
>
> MICHAEL T. BURKE
> Florida Bar Number: 338771

#30-233 MTB

## SERVICE LIST

Randall C. Marshall, Esquire
Legal Director
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Ste. 340
Miami, Florida 33137
*Attorneys for Plaintiff*
Telephone: 786-363-2700
Fax:        786-363-1108

James K. Green, Esquire
James K. Green, P.A.
Suite 1650 Esperante
222 Lakeview Ave.
West palm Beach, FL 33401
*Attorneys for Plaintiff*
Telephone:  561-659-2029
Fax:        561-655-1357

Meredith B. Trim, Esquire
15100 Palmwood Road
Palm Beach Gardens, FL 33410
*Attorneys for Plaintiff*
Telephone:  561-762-1026

---

Michael T. Burke, Esquire
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Attorney for Defendants
Telephone:    (954) 463-0100
Fax:          (954) 463-2444

IN THE FIFTEENTH JUDICIAL
CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

50 2010CA 016550XXXX MB

SHARRON TASHA FORD,

        Plaintiff,

vs.

CITY OF BOYNTON BEACH, a
Florida municipal corporation,
and ROBERT KELLMAN, RICKY
LAUTURE, and RUSSELL FAINE,
in their individual capacities

        Defendants.

_____/

COPY
RECEIVED FOR FILING

JUN 25 2010

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT

Plaintiff, SHARRON TASHA FORD, sues Defendants CITY OF
BOYNTON BEACH, ROBERT KELLMAN, RICKY LAUTURE, and RUSSELL
FAINE, and alleges:

### JURISDICTION

1.   This is an action for damages exceeding $15,000.00,
and for declaratory relief.

2.   All material acts and occurrences described herein
occurred within Palm Beach County, Florida.

3.   This Court has jurisdiction over the declaratory
judgment claim pursuant to §86.011 Fla. Stat.



EXHIBIT
A
1

4.    Plaintiff has complied with any and all conditions precedent to the filing of this Complaint by sending the City of Boynton Beach a certified letter informing it of Plaintiff's intent to initiate litigation under Florida Statute 768.28 dated June 29, 2009, with a copy to the Department of Insurance.

## THE PARTIES

5.    Plaintiff, SHARRON TASHA FORD, is an adult resident of Palm Beach County.

6.    Defendant, CITY OF BOYNTON BEACH, is a Florida municipal corporation.

7.    Defendants ROBERT KELLMAN, RICKY LAUTURE, and RUSSELL FAINE collectively "Police Officers") are police officers with the Boynton Beach Police Department and at all times material hereto were acting under color of state law and within the course and scope of their duties with the Boynton Beach Police Department and the customs and policies of the City of Boynton Beach. They are sued in their individual capacities in Count III only.

## FACTS

8.    On February 28, 2009, the Police Officers arrested Plaintiff for Intercepting Oral Communication and Resisting

2

Officer without Violence, without probable cause, without an arrest warrant, and without any lawful basis.

9. On February 28, 2009, in Boynton Beach, Florida, Kellman and Faine detained Plaintiff's minor son on suspicion of trespassing.

10. Officers Kellman and Faine subsequently arrested Plaintiff's son and called Plaintiff, as his mother, to come pick him up from the police.

11. As Officers Kellman and Faine had requested, Plaintiff drove, with her three-year-old daughter, to her son's location in front of the Muvico Theatre in Boynton Beach. The Police Officers and Plaintiff's son were located on the public sidewalk and across the street from the movie theatres and next to the parking lot.

12. Plaintiff drove her car to where the police were located and was immediately ordered to move the car. Plaintiff complied and returned to the scene with her daughter to investigate what was going on with her son.

13. Plaintiff informed the Police Officers that she had a video camera and was videotaping their interactions. Officer Faine told Plaintiff that she had to let people know if she was videotaping. Plaintiff said that she had and that it was obvious that she was videotaping.

3

14.  Officer Faine told Plaintiff the circumstances that
led to her son being detained. Officer Faine told Plaintiff
that videotaping him without his permission was against the
law. Officer Faine told Plaintiff that if she continued to ask
questions with her video camera on that he would not speak
with her but that she would have to speak with Officer
Kellman.  Officer Faine then turned Plaintiff over to Officer
Kellman.

15.  Officer Kellman than asked for Plaintiff's
identification.  Kellman ordered Plaintiff to step forward,
then to step back and to stay away from her son.  Kellman told
Plaintiff's son that if he did what the police officers asked,
he could go home.  Plaintiff asked Kellman to return her
identification.

16.  Officers Lugo and Lauture arrived.  Officer Lauture
approached Plaintiff and asked if she was videotaping with
audio.  Officer Lauture stated that "it was against the law"
in the State of Florida to record police officers doing their
job on audio with video.  Plaintiff refused to comply and
continued videotaping.

17.  Officers Lauture and Kellman approached Plaintiff's
son and told him that because of his mother's conduct, he
could not go home.  Plaintiff's son told Plaintiff about the

4

conversation with him.  Plaintiff told her son not the worry

because "it's all on video" and to "let them be who they

continue to be."  In response to Plaintiff's statement,

Officer Lauture grabbed Plaintiff, took the camera and placed

her under arrest. Officers Lauture and Kellman then approached

Plaintiff's son and said that because of his mother's conduct,

he was being arrested for Trespassing.

18.  Officer Lauture told Plaintiff that she was resisting

arrest because she was asking too many questions concerning

her son.  He also stated that in the State of Florida, she was

not allowed to have video with audio.

19.  One of the Officers called Plaintiff's mother to come

and pick up Plaintiff's minor children.  They threatened

Plaintiff's mother with arrest if she did not fully comply

with each of their orders.

20.  Officer Lugo drove Plaintiff to the police station

where she was booked.  He took the video camera and put it

into evidence.  Another officer asked him if he could confirm

that there was audio on the video camera and he said yes.

Then the police told Plaintiff that she was under arrest for

intercepting an oral communication. The Office of the State

Attorney refused to file charges.

5

## COUNT I
### False Arrest – State Law

21.   All allegations of Paragraphs 1-20 are realleged as if fully set forth herein.

22.   On or about February 28, 2009, Defendant CITY OF BOYNTON BEACH, acting through its police officers in the scope of their duties with the Boynton Beach Police Department, arrested Plaintiff without justification, without a warrant for her arrest, and against Plaintiffs' will.

23.   As a result of that arrest, Plaintiff suffered damages including past, present, and future physical and emotional distress and trauma, embarrassment, humiliation, shame, and damage to their good name and reputation which exist to this day and will continue in the future.

WHEREFORE, Plaintiff Sharron Tasha Ford demands judgment against Defendant CITY OF BOYNTON BEACH for compensatory damages, costs, plus any other relief the Court deems just and proper, and trial by jury.

## COUNT II
### Declaratory Relief

24.   The Plaintiff re-alleges paragraphs 1-20, as if fully set forth herein.

25.   As a result of the City's actions, Plaintiff is in doubt about her rights under Chapter 934, Fla. Stat. as to whether public officials performing official duties in public

6

places have a reasonable expectation of privacy such that they can prohibit the tape recording of their oral communications.

26.  Plaintiff has a right to obtain a declaration of rights or other equitable or legal relations thereunder.

WHEREFORE, the Plaintiff Sharron Tasha Ford requests that this Court enter judgment declaring that public officials performing official duties in public places do not have a reasonable expectation of privacy such that they can prohibit the tape recording of their oral communications.

## COUNT III
### Section 1983 - Against Police Officers Individually

27.  All allegations of Paragraphs 1-20 are realleged as if fully set forth herein.

28.  Plaintiff had a First Amendment right to videotape public officials performing official duties in public spaces and a right to record matters of public interest, including the detention of her son.

29.  Defendant police officers violated Plaintiff's First and Fourth Amendment rights when they arrested her for engaging in activity protected by the First Amendment, for which 42 U.S.C.§ 1983 provides a remedy.

WHEREFORE, Plaintiff Sharron Tasha Ford demands judgment against Defendant Police Officers for compensatory damages,

7

attorneys' fees, costs, plus any other relief the Court deems just and proper, and trial by jury.

## COUNT IV
### Section 1983 - Against City

30. All allegations of Paragraphs 1-20 and 28-29 are realleged as if fully set forth herein.

31. At all times relevant to this Complaint, the City of Boynton Beach had adopted Fla. Stat.§§ 842.02 and 934.03 as its own law. See Code of Ordinances, Sec. 15-1("Adoption of State Misdemeanors").

32. Defendant Police Officers violated Plaintiff's clearly established First and Fourth Amendment rights when they arrested her for engaging in activity protected by the First Amendment, for which 42 U.S.C.§ 1983 provides a remedy.

WHEREFORE, Plaintiff Sharron Tasha Ford demands judgment against Defendant Police Officers for compensatory damages, attorneys' fees, costs, plus any other relief the Court deems just and proper, and trial by jury.

Respectfully submitted,

James K. Green, Esq.
JAMES K. GREEN, P.A.
Suite 1650, Esperantè
222 Lakeview Ave.
West Palm Beach, FL 33401
(561) 659-2029 (telephone)
(561) 655-1357 (facsimile)
Florida Bar No: 229466

Meredith B. Trim, Esq.
15100 Palmwood Road
Palm Beach Gardens, FL 33410
(561) 762-1026 (telephone)
Florida Bar No:0907251

**COOPERATING ATTORNEYS FOR THE
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF FLORIDA, INC.**

Randall C. Marshall, Esq.
Legal Director
American Civil Liberties Union
  Foundation of Florida, Inc.
4500 Biscayne Blvd.,Ste. 340
Miami, FL  33137
Florida Bar No: 181765
(786) 363-2700 (telephone)
(786) 363-1108 (facsimile)

**COUNSEL FOR PLAINTIFF**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

SHARRON TASHA FORD,

          Plaintiff,

CASE NO. **50 2010CA 016550XXXX ME**

vs.

**SUMMONS**

CITY OF BOYNTON BEACH,

          Defendant(s).

_____/

THE STATE OF FLORIDA:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant:

        **City of Boynton Beach**
        **By serving: Jose A. Rodriguez, its Mayor**
        **100 E. Boynton Beach Blvd.**
        **West Palm Beach, FL 33435**

Each defendant is required to serve written defenses to the complaint or petition on

        James K. Green, Esq.
        Florida Bar No. 229466

plaintiff's attorney, whose address and phone number is:

        James K. Green, P.A.
        Suite 1650, Esperanté
        222 Lakeview Avenue
        West Palm Beach, FL 33401
        (561) 659-2029

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated this ___ day of June, 2010.

JUN 25 2010

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Flori
33402-4667

Clerk of Circuit Court

KRISTIN BUTLER

[Court Seal]

By: _____

Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous, Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

SHARRON TASHA FORD,

        Plaintiff,

vs.

CITY OF BOYNTON BEACH,

        Defendant(s).

**50** 2010CA 016550XXXX **MB**

CASE NO.

**SUMMONS**

**AD**

THE STATE OF FLORIDA:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this
action on defendant:

    Officer Ricky Lauture
    Boynton Beach Police Department
    100 E. Boynton Beach Blvd.
    Boynton Beach, Florida 33435

Each defendant is required to serve written defenses to the complaint or petition on

    James K. Green, Esq.
    Florida Bar No.  229466

plaintiff's attorney, whose address and phone number is:

    James K. Green, P.A.
    Suite 1650, Esperante
    222 Lakeview Avenue
    West Palm Beach, FL 33401
    (561) 659-2029

within 20 days after service of this summons on that defendant, exclusive of the day
of service, and to file the original of the defenses with the Clerk of this court
either before service on plaintiff's attorney or immediately thereafter.  If a
defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

Dated this ___ day of June, 2010.

JUN 25 2010

Clerk of Circuit Court

[Court Seal]

By: _____ KRISTIN BUTLER _____   SHARON R. BOCK
                Deputy Clerk                  Comptroller
                                KRISTIN BUTLER

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont été entreprises contre vous. Vous avez 20 jours consecutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou à son avocat) nommé ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

**50 2010CA U16550XXXX NB**

SHARRON TASHA FORD,

      Plaintiff,

CASE NO.

vs.

**SUMMONS**

CITY OF BOYNTON BEACH,

      Defendant(s).

**AD**

THE STATE OF FLORIDA:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

      Officer Russell Faine
      Boynton Beach Police Department
      100 E. Boynton Beach Blvd.
      Boynton Beach, Florida 33435

Each defendant is required to serve written defenses to the complaint or petition on

      James K. Green, Esq.
      Florida Bar No. 229466

plaintiff's attorney, whose address and phone number is:

      James K. Green, P.A.
      Suite 1650, Esperanté
      222 Lakeview Avenue
      West Palm Beach, FL 33401
      (561) 659-2029

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated this ____ day of June, 2010.

JUN '25 2010

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida

Clerk of Circuit Court

[Court Seal]                                                KRISTIN BUTLER

By: _____
         Deputy Clerk

## IMPORTANTE

     Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

     Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou à un bureau d'assistance juridique (figurant a l'annuaire de telephones).

     Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

SHARRON TASHA FORD,

      Plaintiff,

vs.

CITY OF BOYNTON BEACH,

      Defendant(s).

_____/

CASE NO. 50 2010CA 016550 XXXX MB

**SUMMONS**

THE STATE OF FLORIDA:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

    Officer Robert Kellman
    Boynton Beach Police Department
    100 E. Boynton Beach Blvd.
    Boynton Beach, Florida 33435

Each defendant is required to serve written defenses to the complaint or petition on

    James K. Green, Esq.
    Florida Bar No. 229466

plaintiff's attorney, whose address and phone number is:

    James K. Green, P.A.
    Suite 1650, Esperanté
    222 Lakeview Avenue
    West Palm Beach, FL 33401
    (561) 659-2029

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

JUN 25 2010

Dated this ___ day of June, 2010.

Clerk of Circuit Court

SHARON R. BOCK
Clerk & Comptroller
...
... Palm Beach, Florida
33402-4837

[Court Seal]

By: _____

Deputy Clerk
KRISTIN BUTLER

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.