IN THE FIFTEENTH JUDICIAL
CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 50 2010CA 016550XXXX MB

SHARRON TASHA FORD,

    Plaintiff,

vs.

CITY OF BOYNTON BEACH, a
Florida municipal corporation,
and ROBERT KELLMAN, RICKY
LAUTURE, and RUSSELL FAINE,
in their individual capacities

    Defendants.
_____/

## COMPLAINT

Plaintiff, SHARRON TASHA FORD, sues Defendants CITY OF BOYNTON BEACH, ROBERT KELLMAN, RICKY LAUTURE, and RUSSELL FAINE, and alleges:

### JURISDICTION

1. This is an action for damages exceeding $15,000.00, and for declaratory relief.

2. All material acts and occurrences described herein occurred within Palm Beach County, Florida.

3. This Court has jurisdiction over the declaratory judgment claim pursuant to §86.011 Fla. Stat.

1

4. Plaintiff has complied with any and all conditions precedent to the filing of this Complaint by sending the City of Boynton Beach a certified letter informing it of Plaintiff's intent to initiate litigation under Florida Statute 768.28 dated June 29, 2009, with a copy to the Department of Insurance.

## THE PARTIES

5. Plaintiff, SHARRON TASHA FORD, is an adult resident of Palm Beach County.

6. Defendant, CITY OF BOYNTON BEACH, is a Florida municipal corporation.

7. Defendants ROBERT KELLMAN, RICKY LAUTURE, and RUSSELL FAINE collectively "Police Officers") are police officers with the Boynton Beach Police Department and at all times material hereto were acting under color of state law and within the course and scope of their duties with the Boynton Beach Police Department and the customs and policies of the City of Boynton Beach. They are sued in their individual capacities in Count III only.

## FACTS

8. On February 28, 2009, the Police Officers arrested Plaintiff for Intercepting Oral Communication and Resisting

Officer without Violence, without probable cause, without an arrest warrant, and without any lawful basis.

9. On February 28, 2009, in Boynton Beach, Florida, Kellman and Faine detained Plaintiff's minor son on suspicion of trespassing.

10. Officers Kellman and Faine subsequently arrested Plaintiff's son and called Plaintiff, as his mother, to come pick him up from the police.

11. As Officers Kellman and Faine had requested, Plaintiff drove, with her three-year-old daughter, to her son's location in front of the Muvico Theatre in Boynton Beach. The Police Officers and Plaintiff's son were located on the public sidewalk and across the street from the movie theatres and next to the parking lot.

12. Plaintiff drove her car to where the police were located and was immediately ordered to move the car. Plaintiff complied and returned to the scene with her daughter to investigate what was going on with her son.

13. Plaintiff informed the Police Officers that she had a video camera and was videotaping their interactions. Officer Faine told Plaintiff that she had to let people know if she was videotaping. Plaintiff said that she had and that it was obvious that she was videotaping.

3

14. Officer Faine told Plaintiff the circumstances that led to her son being detained. Officer Faine told Plaintiff that videotaping him without his permission was against the law. Officer Faine told Plaintiff that if she continued to ask questions with her video camera on that he would not speak with her but that she would have to speak with Officer Kellman. Officer Faine then turned Plaintiff over to Officer Kellman.

15. Officer Kellman than asked for Plaintiff's identification. Kellman ordered Plaintiff to step forward, then to step back and to stay away from her son. Kellman told Plaintiff's son that if he did what the police officers asked, he could go home. Plaintiff asked Kellman to return her identification.

16. Officers Lugo and Lauture arrived. Officer Lauture approached Plaintiff and asked if she was videotaping with audio. Officer Lauture stated that "it was against the law" in the State of Florida to record police officers doing their job on audio with video. Plaintiff refused to comply and continued videotaping.

17. Officers Lauture and Kellman approached Plaintiff's son and told him that because of his mother's conduct, he could not go home. Plaintiff's son told Plaintiff about the

4

conversation with him. Plaintiff told her son not the worry because "it's all on video" and to "let them be who they continue to be." In response to Plaintiff's statement, Officer Lauture grabbed Plaintiff, took the camera and placed her under arrest. Officers Lauture and Kellman then approached Plaintiff's son and said that because of his mother's conduct, he was being arrested for Trespassing.

18. Officer Lauture told Plaintiff that she was resisting arrest because she was asking too many questions concerning her son. He also stated that in the State of Florida, she was not allowed to have video with audio.

19. One of the Officers called Plaintiff's mother to come and pick up Plaintiff's minor children. They threatened Plaintiff's mother with arrest if she did not fully comply with each of their orders.

20. Officer Lugo drove Plaintiff to the police station where she was booked. He took the video camera and put it into evidence. Another officer asked him if he could confirm that there was audio on the video camera and he said yes. Then the police told Plaintiff that she was under arrest for intercepting an oral communication. The Office of the State Attorney refused to file charges.

## COUNT I
### False Arrest - State Law

21. All allegations of Paragraphs 1-20 are realleged as if fully set forth herein.

22. On or about February 28, 2009, Defendant CITY OF BOYNTON BEACH, acting through its police officers in the scope of their duties with the Boynton Beach Police Department, arrested Plaintiff without justification, without a warrant for her arrest, and against Plaintiffs' will.

23. As a result of that arrest, Plaintiff suffered damages including past, present, and future physical and emotional distress and trauma, embarrassment, humiliation, shame, and damage to their good name and reputation which exist to this day and will continue in the future.

WHEREFORE, Plaintiff Sharron Tasha Ford demands judgment against Defendant CITY OF BOYNTON BEACH for compensatory damages, costs, plus any other relief the Court deems just and proper, and trial by jury.

## COUNT II
### Declaratory Relief

24. The Plaintiff re-alleges paragraphs 1-20, as if fully set forth herein.

25. As a result of the City's actions, Plaintiff is in doubt about her rights under Chapter 934, Fla. Stat. as to whether public officials performing official duties in public

places have a reasonable expectation of privacy such that they can prohibit the tape recording of their oral communications.

26. Plaintiff has a right to obtain a declaration of rights or other equitable or legal relations thereunder.

WHEREFORE, the Plaintiff Sharron Tasha Ford requests that this Court enter judgment declaring that public officials performing official duties in public places do not have a reasonable expectation of privacy such that they can prohibit the tape recording of their oral communications.

## COUNT III
### Section 1983 - Against Police Officers Individually

27. All allegations of Paragraphs 1-20 are realleged as if fully set forth herein.

28. Plaintiff had a First Amendment right to videotape public officials performing official duties in public spaces and a right to record matters of public interest, including the detention of her son.

29. Defendant police officers violated Plaintiff's First and Fourth Amendment rights when they arrested her for engaging in activity protected by the First Amendment, for which 42 U.S.C.§ 1983 provides a remedy.

WHEREFORE, Plaintiff Sharron Tasha Ford demands judgment against Defendant Police Officers for compensatory damages,

7

attorneys' fees, costs, plus any other relief the Court deems just and proper, and trial by jury.

## COUNT IV
### Section 1983 – Against City

30. All allegations of Paragraphs 1-20 and 28-29 are realleged as if fully set forth herein.

31. At all times relevant to this Complaint, the City of Boynton Beach had adopted Fla. Stat.§§ 842.02 and 934.03 as its own law. See Code of Ordinances, Sec. 15-1("Adoption of State Misdemeanors").

32. Defendant Police Officers violated Plaintiff's clearly established First and Fourth Amendment rights when they arrested her for engaging in activity protected by the First Amendment, for which 42 U.S.C.§ 1983 provides a remedy.

WHEREFORE, Plaintiff Sharron Tasha Ford demands judgment against Defendant Police Officers for compensatory damages, attorneys' fees, costs, plus any other relief the Court deems just and proper, and trial by jury.

8

Respectfully submitted,

/s/

James K. Green, Esq.
JAMES K. GREEN, P.A.
Suite 1650, Esperantè
222 Lakeview Ave.
West Palm Beach, FL 33401
(561) 659-2029 (telephone)
(561) 655-1357 (facsimile)
Florida Bar No: 229466

Meredith B. Trim, Esq.
15100 Palmwood Road
Palm Beach Gardens, FL 33410
(561) 762-1026 (telephone)
Florida Bar No: 0907251

**COOPERATING ATTORNEYS FOR THE AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA, INC.**

Randall C. Marshall, Esq.
Legal Director
American Civil Liberties Union
  Foundation of Florida, Inc.
4500 Biscayne Blvd., Ste. 340
Miami, FL  33137
Florida Bar No: 181765
(786) 363-2700 (telephone)
(786) 363-1108 (facsimile)

**COUNSEL FOR PLAINTIFF**