UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CIV-80844 ZLOCH/Rosenbaum

SHARRON TASHA FORD,

    Plaintiff,

v.

CITY OF BOYNTON BEACH, a
Florida municipal corporation, and
ROBERT KELLMAN, RICKY LAUTURE,
and RUSSELL FAINE, in their individual
capacities,

    Defendants.
_____/

**DEFENDANTS', KELLMAN, LAUTURE, AND FAINE'S, MOTION TO DISMISS**

    The Defendants Robert Kellman, (Kellman), Ricky Lauture (Lauture), and Russell Faine (Faine) (collectively referred to as the Individual Defendants/Individual Officers), by and through their undersigned attorneys and pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure requests that the Court enter an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted, and as grounds therefore would show:

    1.    The Complaint alleges that on February 28, 2009, Plaintiff, Sharron Tasha Ford's (Ford) minor son was arrested near the Muvico theater in Boynton Beach, Florida.  It is further alleged that after Plaintiff Ford arrived at the parking lot of the Muvico theater to pick up her minor son, Plaintiff Ford began video and audiotaping officers Kellman, Lauture and Faine.  Finally, it is alleged that although the individual officers repeatedly requested that Plaintiff Ford stop audiotaping

Sharron Ford v. City of Boynton Beach, et al
Case No. 10-CIV-80844 ZLOCH/Rosenbaum

their statements and conversations, Plaintiff Ford continued to do so and was arrested by Defendant Lauture for a violation of Section 934.03, Florida Statutes.[1]

2.     Count III of the Complaint seeks relief against the Individual Defendants for a violation of 42 U.S.C. §1983.  Specifically, it is alleged that the Individual Defendants "violated Plaintiff's First and Fourth Amendment rights when they arrested her for engaging in activity protected by the First Amendment...." See paragraph 29 of the Complaint.  The remainder of the Complaint seeks relief against the City of Boynton Beach for wrongful arrest under state law (Count I), wrongful arrest under federal law (Count IV), and a request that the Court enter a judgment "declaring that public officials performing official duties in public places do not have reasonable expectation of privacy such that they can prohibit the tape recording of their oral communications." (Count II).

3.     The Complaint fails to state a federal claim upon which relief can be granted as against Defendants Kellman, Lauture, and Faine in that the allegations of the Complaint affirmatively demonstrate that the Individual Officers are entitled to qualified immunity for the following reasons:

(a)     The allegations of the Complaint affirmatively demonstrate that the Individual Defendants were acting within the scope of their discretionary authority as law enforcement officers with the City of Boynton Beach at the time of the complained of conduct;

---

[1] In relevant part, this statute provides that it is unlawful to make an audio recording of face to face oral communications unless all of the parties to the communication have consented to the recording.  See Section 934.03(1)(a) and (d), Florida Statutes.

Sharron Ford v. City of Boynton Beach, et al
Case No. 10-CIV-80844 ZLOCH/Rosenbaum

(b)     The Individual Defendants had at least arguable probable cause to believe that Plaintiff Ford was violating Section 934.03(1)(a) when Ford audiotaped their conversations.[2] The Complaint affirmatively alleges that Ford intentionally intercepted via audiotape recorder her conversation with the Individual Officers, that the Individual Officers did not consent to the recording and that under existing law it was not unreasonable for the Individual Defendants to expect that the conversation would be protected under Section 934.03(1)(a).  See Migut v. Flynn, 131 Fed. Appx. 262; 2005 U.S. App. LEXIS 8568, (11th Cir. 2005), a copy of which is attached as Exhibit A to this motion and memorandum of law.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.1, the Individual Defendants submit the following Memorandum of Law in support of said Defendants' Motion to Dismiss.

### Qualified Immunity

The United States Court of Appeals for the Eleventh Circuit has often observed "[q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir.

---

[2] While the Complaint alleges that Defendant Lauture arrested the Plaintiff (paragraph 17 of the Complaint), the Complaint does not allege that Defendants Faine and Kellman arrested the Plaintiff.  Allegations that Defendants Faine and Kellman were present at the time Plaintiff was arrested or that Defendant Kellman arrested Plaintiff's son are not sufficient to allege that these Defendants deprived the Plaintiff of any federally protected right in violation of 42 U.S.C. § 1983.

3

2009) (quoting Lee, 284 F.3d at 1193-94).  The doctrine of qualified immunity allows government officials and employees the ability to carry out their discretionary functions without fear of personal liability or harassing litigation "protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  Lee, 284 F.3d at 1194 (internal citation "omitted").

In order to obtain qualified immunity, Defendants Kellman, Lauture and Fain are required to first establish that they were acting within the scope of their discretionary authority when the allegedly wrongful acts occurred.  McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009).  The allegations of the Complaint affirmatively establish that the Individual Defendants were acting within the scope of their discretionary authority.  See Complaint at ¶¶ 7 and 29.  Once it is established that the Individual Defendants were acting within the scope of their discretionary authority, "the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate."  McCullough v. Antolini, 559 F.3d at 1205 (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).

In Pearson v. California, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the Supreme Court reaffirmed the basic standard that the federal courts must grant qualified immunity to an individual government, official or employee unless the plaintiff can show: first that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the officer; and, second, that the unlawfulness of the defendant's actions was "clearly established" at the  time of the incident.  See i.d. at 815-16, 818.  In Pearson, the Supreme Court held that the federal courts are permitted to exercise their sound discretion to decide which prong of this inquiry to address first.  Pearson, 129 S.Ct. at 818.

In wrongful arrest cases the Eleventh Circuit has often framed the second prong of the qualified immunity analysis ("clearly established") by examining whether the individual law enforcement officer had "arguable probable cause" for the arrest.  See Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009); Draper v. Reynolds, 369 F.3d 1270, 1276 n.7 (11th Cir. 2004); Scarbrough v. Myles, 245 F.3d 1299, 1303 (11th Cir. 2001) and Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993).  The arguable probable cause analysis asks the question whether "[a] reasonable officer, in the same circumstances and possessing the same knowledge at the defendant, could have believed that probable cause existed to arrest".  Lee v Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002).

Finally, in determining whether an individual officer lacked arguable probable cause for an arrest, the Court looks to decisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the Supreme Court of Florida interpreting and applying the law in circumstances similar to that faced by the individual officer.  Jenkins By Hall v. Talladega City Board of Education, 115 F.3d 821, 827 n.4 (11th Cir. 1997).

## MIGUT vs. FLYNN

In Migut vs. Flynn, 131 F.Ed. Appx. 262; 2005 U.S. App. LEXIS 8568 (11th Cir. 2005); a three judge panel of the Eleventh Circuit considered a claim substantially identical advanced by Plaintiff Ford in this action and affirmed the District Court's order dismissing a 42 U.S.C. § 1983 false arrest claim against Palm Beach County Sheriff's Deputy, Sean Flynn, on qualified immunity

grounds.[3] Following a traffic stop, a tow truck operator used a hand held device to make an audio recording of his conversation with the Palm Beach County Sheriff's deputy who had affected the stop. The tow truck operator refused to stop recording the conversation after being requested to do so and the deputy sheriff placed the tow truck operator under arrest for intercepting an oral communication in violation of Section 934.03(1)(a), Florida Statues. The State Attorney charged the tow truck operator with the violation but later dismissed the charge by entry of a noll prosse.

Tow operator Migut brought an action against the deputy sheriff for wrongful arrest under §1983 and for a declaratory judgment "that §934.03 is not violated when a motorist records a conversation with a police officer during a routine traffic stop...." The deputy sheriff filed a Rule 12 (b)(6) motion to dismiss based on qualified immunity and United States District Judge William Dimetreolaeus granted the motion and entered summary judgment in favor of the Defendant with respect to the claim for declaratory relief. On appeal, the Eleventh Circuit affirmed and held in relevant part as follows:

> The issue in this case is whether, considering the facts as set forth in the complaint, Deputy Flynn had at least arguable probable cause to believe that Migut was violating §934.03(1)(a) when Migut taped their conversation. We conclude that he did. There is no dispute that Migut intentionally intercepted via tape recorder his conversation with Deputy Sheriff Flynn, and that Deputy Sheriff Flynn did not consent. Moreover, it was not unreasonable for Deputy Sheriff Flynn to expect that the conversation would be protected under §934.03(1)(a). See Keen, 384 So.2d at 287.
>
> Accordingly, Deputy Sheriff Flynn did not violate Migut's constitutional rights, and the district court properly dismissed the false-arrest claim against Flynn based on qualified immunity.

---

[3]Three judge panel in <u>Migut vs. Flynn</u> consisted of Judges R. Lanier Anderson, Ed Carnes, and Frank M. Hull.

Sharron Ford v. City of Boynton Beach, et al
Case No. 10-CIV-80844 ZLOCH/Rosenbaum

\*\*\*

We conclude that the district court properly denied Migut's request for declaratory relief. First, §934.03 is unambiguous and does not include an exception for a private individual who records a police officer without the officer's consent. See §934.03 (prohibiting some interception conduct and allowing other interception conduct). Second Migut points to no United States Supreme Court, Eleventh Circuit, or Florida state court decision holding that communications of police officers conducting traffic stops are not protected by §934.03. Indeed, the only Florida decision addressing this issue actually concluded that it was reasonable for the police officer to believe a violation of §934.03(1)(a) occurred when the suspect had recorded a conversation with another officer without that officer's consent. See Keen, 384, So.2d at 287. Third, communications in public places are not necessarily excluded from §934.03 (except when the public place is a public meeting). See Brandin, 669 So.2d at 281 ("we cannot agree with the state's assertion that conversations occurring in public areas can never be made with an exception of privacy. Common experience teaches that the opposite may often be true."). Thus, just because a traffic stops takes place on a public street does not mean that the police officer's communication is not protected under § 934.03. Fourth, the communication does not have to be private to be protected. See Stevenson, 667, So.2d at 412 ("Where both elements are present, [§934.03] has been violated whether the intercepted communication is private in nature or not."). Thus, the fact that the police officer's communication occurred during a traffic stop on a public street does not necessarily mean that is it not protected under §934.03.

Finally, whether a particular communication is protected under §934.03(1)(a) is an intensely fact specific inquiry, and we are not prepared to hold that the Florida legislature intended to exclude from the protections of §934.03 all citizen communications with all police officers during all traffic stops on a public street.

Similarly, the issue in this case is whether the facts set forth in the Complaint demonstrate that Defendants Kellman, Lauture and Faine had at least arguable probable cause to believe that Ford was violating §934.03(1)(a) when Ford audiotaped their conversations and statements. There is no dispute that Ford, intentionally intercepted via her video and audio tape recorder, conversations with

7

**Sharron Ford v. City of Boynton Beach, et al**
**Case No. 10-CIV-80844 ZLOCH/Rosenbaum**

the Individual Officers and that the Individual Officers did not consent to the audio recording. Under Florida law it was not unreasonable for the Individual Officers to expect that the conversations would be protected under §934.03(1)(a). No decision of the Supreme Court of the United States, the United States Court of Appeals for the Eleventh Circuit or the Supreme Court of Florida, existed on February 28, 2009, which would have provided notice to the Individual Officers that an arrest of Plaintiff Ford would be unlawful. As such, the Individual Defendants are entitled to qualified immunity.

WHEREFORE, Defendants KELLMAN, LAUTURE, AND FAINE requests that the Court enter an order dismissing Plaintiff's Complaint as against said Defendants on the basis of qualified immunity.

Sharron Ford v. City of Boynton Beach, et al<br>
Case No. 10-CIV-80844 ZLOCH/Rosenbaum

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:  (954) 463-0100
Facsimile:  (954) 463-2444


       /s/Michael T. Burke
MICHAEL T. BURKE
Florida Bar Number: 338771

#30-233 MTB

**Sharron Ford v. City of Boynton Beach, et al**
**Case No. 10-CIV-80844 ZLOCH/Rosenbaum**

# SERVICE LIST
**Sharron Ford v. City of Boynton Beach, et al**
**Case No:10-CIV-80844 ZLOCH/Rosenbaum**
**United States District Court, Southern District of Florida**

Randall C. Marshall, Esquire
rmarshall@aclufl.org
Legal Director
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Ste. 340
Miami, Florida 33137
*Attorneys for Plaintiff*
Telephone: 786-363-2700
Fax:          786-363-1108


James K. Green, Esquire
Jameskgren@bellsouth.net
James K. Green, P.A.
Suite 1650 Esperante
222 Lakeview Ave.
West palm Beach, FL 33401
*Attorneys for Plaintiff*
Telephone:   561-659-2029
Fax:              561-655-1357


Meredith B. Trim, Esquire
mtrim@palmbeachbar.org
15100 Palmwood Road
Palm Beach Gardens, FL 33410
*Attorneys for Plaintiff*
Telephone:   561-762-1026

Michael T. Burke, Esquire
burke@jambg.com
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Attorney for Defendants
Telephone:      (954) 463-0100
Fax:                 (954) 463-2444

10