UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CIV-80844 ZLOCH/Rosenbaum

SHARRON TASHA FORD,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, a
Florida municipal corporation, and
ROBERT KELLMAN, RICKY LAUTURE,
and RUSSELL FAINE, in their individual
capacities,

     Defendants.

_____/

## DEFENDANT, CITY OF BOYNTON BEACH'S, ANSWER AND DEFENSES

The Defendant, City of Boynton Beach, by and through its undersigned attorneys files its Answer and Defenses to Plaintiff's Complaint and states as follows:

1.     It is admitted that Plaintiff seeks damages together with declaratory relief, it is denied that the complaint states a claim upon which relief can be granted and it is further denied that Plaintiff is entitled to any relief.

2.     It is admitted that venue is proper in Palm Beach County, Florida.  All remaining allegations contained in paragraph 2 are denied.

3.     The allegations contained in paragraph 3 are denied.

4.      It is admitted that plaintiff has provided the City of Boynton Beach with a written notice of claim dated June 29, 2009.  All remaining allegations contained in paragraph 4 are denied.

5.      The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 5 and therefore denies the same and demands strict proof thereof.

6.      The allegations contained in paragraph 6 are admitted.

7.      It is admitted that Robert Kellman, Ricky Lauture, and Russell Faine were, on February 28, 2009, law enforcement officers employed by the City of Boynton Beach and were acting within the course and scope of their employment.  The Defendant is without sufficient knowledge at this time to specifically admit or deny any remaining allegations contained in paragraph 7 and therefore denies the same and demands strict proof thereof.

8.      It is admitted that on February 28, 2009, Plaintiff was arrested for a violation of Sections 934.03(1)(a) and  843.02, Florida Statutes.  All remaining allegations contained in paragraph 8 are denied.

9.      The allegations contained in paragraph 9 are denied.

10.      It is admitted that on February 28, 2009, City of Boynton Beach Police officers contacted the Plaintiff concerning the conduct of her minor son.  Any remaining allegations contained in paragraph 10 are denied.

2

11.    It is admitted that on February 28, 2009, Plaintiff met City police officers near the Muvico theater in Boynton Beach, Florida.  Any remaining allegations contained in paragraph 11 are denied.

12.    It is admitted that Plaintiff was instructed to park her car rather than block the roadway, and that Plaintiff complied.  Any remaining allegations contained in paragraph 12 are denied.

13.    It is admitted that Plaintiff informed City police officers that she was using a video camera to video and audiotape the City police officers actions and conversations.  Any remaining allegations contained in paragraph 13 are denied.

14.    It is admitted that Plaintiff was informed by City police officers regarding her son's conduct and it is further admitted that Plaintiff was informed by City police officers that they did not consent to Plaintiff's continued audiotaping  of their statements and conversation.  Any remaining allegations contained in paragraph 14 are denied.

15.    It is admitted that Plaintiff was requested to produce identification.  The Defendant is without sufficient knowledge at this time to specifically admit or deny any remaining allegations contained in paragraph 15 and therefore denies same and demands strict proof thereof.

16.    It is admitted that City police officers repeatedly told Plaintiff that they did not consent to Plaintiff's audiotaping of their statements and conversations and that the continued

audiotaping of their conversation was a violation of Florida statutory law.  It is further admitted that Plaintiff refused to stop audiotaping the statements and conversations of the City police officers.  Any remaining allegations contained in paragraph 16 are denied.

17.     It is admitted that Plaintiff was placed under arrest for violating Sections 934.031(1)(a) and 843.02, Florida Statutes.  All remaining allegations contained in paragraph 17 are denied.

18.     It is admitted that Plaintiff was repeatedly informed that the City police officers did not consent to Plaintiff's audiotaping their statements and conversations and that Plaintiff was informed that under Florida law, it was unlawful to tape record a conversation in which one is participating without the consent of all parties.  Any remaining allegations contained in paragraph 18 are denied.

19.     It is admitted that Plaintiff's grandmother picked up Plaintiff's minor children. All remaining allegations contained in paragraph 19 are denied.

20.     It is admitted that Plaintiff's video camera was put into evidence and that it was confirmed that Plaintiff had audiotape oral communications of City police officers without the consent of City police officers.  It is further admitted that Plaintiff was arrested for a violation of Section 934.031(1)(a) and it is further admitted that the Office of the State Attorney did not file charges.  Any remaining allegations contained in paragraph 20 are denied.

4

21.     The Defendant adopts and incorporates herein by reference its responses to paragraphs 1 through 20 above.

22.     The allegations contained in paragraph 22 are denied.

23.     The allegations contained in paragraph 23 are denied.

24.     The Defendant adopts and incorporates herein by reference its responses to paragraphs 1 through 20 above.

25.     The Defendant is without knowledge at this time to specifically admit or deny the allegations contained in paragraph 25 and therefore denies the same and demands strict proof thereof.

26.     The allegations contained in paragraph 26 are denied.

27.     Count III does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count III (paragraphs 27 through 29) are denied.

28.     Count III does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count III (paragraphs 27 through 29) are denied.

29.     Count III does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count III (paragraphs 27 through 29) are denied.

30      The Defendant adopts and incorporates herein by reference its responses to paragraphs 1 through 20, 28 and 29 above.

31.      The allegations contained in paragraph 31 are denied.

32.      The allegations contained in paragraph 32 are denied.

33.      Each and every allegation of the Complaint is denied unless specifically admitted herein above.

34.      With respect to the claim asserted in Count I, the Defendant City is entitled to all of the terms, benefits, and limitations of liability set forth in Florida Statute Section 768.28 et seq.

35.      Any detention or arrest of Plaintiff Ford was based upon probable cause that an offense had been committed and that Plaintiff Ford had committed the offense.

36.      The Defendant City of Boynton Beach denies that Plaintiff Ford was deprived of any federally protected right and alternatively asserts that any such deprivation did not result from a policy custom promulgated by the Defendant City of Boynton Beach.

**Sharron Ford v. City of Boynton Beach, et al**
**Case No. 10-CIV-80844 ZLOCH/Rosenbaum**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:    (954) 463-2444

_____/s/Michael T. Burke_____
MICHAEL T. BURKE
Florida Bar Number: 338771

#30-233 MTB

Sharron Ford v. City of Boynton Beach, et al
Case No. 10-CIV-80844 ZLOCH/Rosenbaum

**SERVICE LIST**
**Sharron Ford v. City of Boynton Beach, et al**
**Case No. 10-CIV-80844 ZLOCH/Rosenbaum**
**United States District Court, Southern District of Florida**

Randall C. Marshall, Esquire
rmarshall@aclufl.org
Legal Director
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Ste. 340
Miami, Florida 33137
*Attorneys for Plaintiff*
Telephone: 786-363-2700
Fax:          786-363-1108

James K. Green, Esquire
Jameskgren@bellsouth.net
James K. Green, P.A.
Suite 1650 Esperante
222 Lakeview Ave.
West palm Beach, FL 33401
*Attorneys for Plaintiff*
Telephone:  561-659-2029
Fax:          561-655-1357

Meredith B. Trim, Esquire
mtrim@palmbeachbar.org
15100 Palmwood Road
Palm Beach Gardens, FL 33410
*Attorneys for Plaintiff*
Telephone:  561-762-1026

_____

Michael T. Burke, Esquire
burke@jambg.com
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Attorney for Defendants
Telephone:      (954) 463-0100

8