UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CIV-80844 ZLOCH/Rosenbaum

SHARRON TASHA FORD,

      Plaintiff,

v.

CITY OF BOYNTON BEACH, a
Florida municipal corporation, and
ROBERT KELLMAN, RICKY LAUTURE,
and RUSSELL FAINE, in their individual
capacities,

      Defendants.

_____/

## DEFENDANTS', KELLMAN, LAUTURE, AND FAINE'S, REPLY MEMORANDUM OF LAW

The Defendants, Robert Kellman (Kellman), Ricky Lauture (Lauture), and Russell Faine (Faine), (collectively referred to as the Individual Defendants/Individual Officers) by and through their undersigned attorneys and pursuant to Local Rule 7.1, submit Defendants' Reply Memorandum in support of said Defendants' Motion to Dismiss (DE 3) and state as follows:

## SUMMARY OF ARGUMENT

Plaintiff first asserts that the Eleventh Circuit's decision in Smith v. City of Cumming, 212 F.3d 1332 (11th Cir. 2000) clearly established that persons had a First Amendment right to videotape public officials performing official duties in public places and that as a result the individual officers are not entitled to qualified immunity. Plaintiff's argument is misplaced because the Complaint does not allege that Plaintiff Ford was arrested and charged with taking video images of the individual officers but rather was arrested and charged with recording oral communications in violation of

Florida Statute Section 934.03.  Indeed, the cases cited with approval by the Eleventh Circuit in

<u>Smith v. City of Cumming</u>, support the Individual Officers entitlement to qualified immunity in this

action.  It was not at the time of Plaintiff Ford's arrest nor is it clearly established now that Ford

could lawfully record the conversations of the individual officers regarding the arrest or detention

of the juvenile without their consent.  See Plaintiff's Response (DE 9) at pages 2-3.

Secondly, Plaintiff argues that the <u>Migut</u> case does not address the First Amendment and that

Section 934.03, Florida Statues is an unconstitutional restraint on speech in violation of the First

Amendment.  Again, Plaintiff's argument is misplaced because the lawfulness of Plaintiff's seizure

is determined by whether the Individual Officers had arguable probable cause that an offense had

been committed and not whether Plaintiff may have been engaged in expressive activity at the time

of the seizure.  <u>Redd v. City of Enterprise</u>, 140 F.3d 1378, 1383-84 (11th Cir. 1998) ("when a police

officer has probable cause to believe that a person is committing a particular public offense, he is

justified in arresting that person, even if the offender may be speaking at the time he is arrested.").

<u>Migut</u> does in fact address the very issue raised by Plaintiff's Complaint.  Moreover, Plaintiff's

argument that Section 943.03, Florida Statues does not pass constitutional muster, does not in any

way weaken or detract from the Individual Officers' enforcement of the statute and entitlement to

qualified immunity.  See <u>Cooper v. Dillon</u>, 403 F.3d 1208, 1219-21(11th Cir. 2005).

Plaintiff next argues that <u>Migut</u> lacks precedential value and is not persuasive, and that it was

clearly established that the circumstances surrounding the recording of the Individual Officers

conversations could not have justified an expectation that the conversations were not subject to

interception without consent.  While it is true that as an unpublished opinion <u>Migut</u> does lack

2

precedential value, it is a recent decision from the Eleventh Circuit which is virtually on all fours with the instant case.  As such, it is respectfully submitted that the opinion does have significant persuasive value to the Individual Officers complained of qualified immunity.  In addition, Plaintiff's response fails to cite any case which supports the assertion that the Individual Officers would not be justified in expecting that their conversations concerning the arrest and detention of a juvenile would not be subject to interception without consent.  To the contrary, Florida law strongly supports the expectation that conversations regarding the arrest and detention of a juvenile offender would be confidential and not subject to interception without consent.  See generally, Section 985.04, Florida Statutes.

## I. <u>Smith v. City of Cummings</u> Inapplicable

Relying on <u>Smith v. City of Cumming</u>, 212 F.3d 1332 (11th Cir. 2000), Plaintiff argues that she had a clearly established First Amendment right to videotape public officials performing official duties in public places and that, as a result, the individual officers are not entitled to qualified immunity.  Plaintiff's argument is misplaced for at least two reasons.

First, Plaintiff was not placed under arrest for videotaping the individual officers performing official duties in public places.  To the contrary (and as is alleged in the Complaint), Plaintiff was arrested "for intercepting an oral communication" in violation of Section 934.03, Florida Statutes.  Because Plaintiff was not arrested for videotaping the individuals officers, her First Amendment right "to photograph or videotape" police conduct as described in <u>dicta</u> in <u>Smith</u> was not implicated in her arrest.

3

Second, <u>Smith</u> and the cases on which it relies **support** a finding of qualified immunity for the individual officers.  In <u>Smith</u>, despite the language regarding a person's First Amendment right to photograph or videotape police conduct, the Eleventh Circuit found that the municipal police officers' conduct had **not** deprived the plaintiffs of that right.  212 F.3d at 1333.

Moreover, cases cited in <u>Smith</u>, which have nearly identical facts to the current situation, found defendant police officers entitled to qualified immunity under similar circumstances.  In <u>Fordyce v. City of Seattle</u>, 55 F.3d 436, 438 (9th Cir. 1995), the plaintiff was videotaping a demonstration for "local television production."  <u>Id.</u> at 438.  His subjects included police officers assigned to the work the event and members of the public.  <u>Id.</u> at 438, 439.  Washington has a similar statute to Section 943.03, Florida Statues, which makes it unlawful to record private conversations without the consent of all participants.  <u>Id.</u> at 438 (<u>citing</u> Wash. Rev. Code § 9.73.030).  In <u>Fordyce</u>, as here, it was undisputed that the plaintiff was both videotaping **and** simultaneously audio-recording during the demonstration.  <u>Id.</u> at 439.

A police officer warned the plaintiff that a state statute forbade recording private conversations without consent.  <u>Id.</u> at 439.  After receiving a complaint from a member of public, the police officers asked the plaintiff to stop.  <u>Id.</u>  When he refused, he was placed under arrest for violating the statute.  <u>Id.</u>  The charges against the plaintiff were subsequently dismissed by the prosecuting attorney.  <u>Id.</u> at 438.  He ten filed against the city and eight individual police officers and, among others claims, sought damages from the officers in their individual capacities pursuant to 42 U.S.C. § 1983, for interfering with his First Amendment right to gather news and for arresting

him without the requisite probable cause for allegedly violating Wash. Rev. Code § 9.73.030.   Id.

at 438.

The Ninth Circuit found that the individual officers were entitled to qualified immunity from

the suit for damages.   Id. at 439-40.   While it noted that "whether and under what circumstances

conversations in public streets could be deemed private within the meaning of the privacy statute was

not yet settled under Washington state law," "a reasonable officer could have believed [the plaintiff]

was recording private conversations in violation of the statute."   Id. at 439.   It concluded that the

"evidence before the district court supports a claim that the officers arrested [the plaintiff] for

committing in their presence what they believed was a misdemeanor."   Fordyce is directly analogous

to the facts as alleged in the Complaint.

## II.  Arrest Justified Despite Purported Protected Speech

Plaintiff further argues that Migut is inapplicable because (1) it ignores Eleventh Circuit

precedent establishing that she was exercising her First Amendment rights at the time of her arrest

and (2) Section 943.03, Florida Statutes, is unconstitutional.  Again, Plaintiff's argument are without

merit.

First, a defendant police officer is entitled to qualified immunity if, at the time of the arrest,

he has arguable probable cause to believe that a person is committing a particular offense, even if

the offender is engaging in protected speech at the time of his arrest.  Redd v. City of Enterprise, 140

F.3d 1378, 1383-84 (11th Cir. 1998);  Zurcher v. Stanford Daily, 436 U.S. 547, 565 (1978); United

States v. Rubio, as modified, 727 F.2d 786, 791 (9th Cir.1984).  In Redd, the defendant officers

placed the plaintiff under arrest for violating Alabama's disorderly conduct statute.  At the time of

the arrest, the plaintiff was standing on a busy public sidewalk and preaching to passers-by.  Id. at
1380-82.  The plaintiff admitted that he was attempting to be heard over the traffic at the intersection
and that he succeeded in speaking loudly enough to heard across the street.  Id. at 1382-83.  Multiple
individuals complained to police of the plaintiff's conduct.  Id.  Following his arrest, the plaintiff
filed suit against the city and the individual police officers alleging, among other things, that the
police officers violated the plaintiff's rights under the First and Fourth Amendments to the
Constitution by arresting him for disorderly conduct without probable cause, and that the arrest
violated his First Amendment rights by "chilling" his speech.  Id. at 1381-82.

The Eleventh Circuit held that the individual officers were entitled to qualified immunity on
both the First and Fourth Amendment claims.  Id. at 1382-84.  As a threshold matter, it found that
the defendant officers had arguable probable cause to arrest the plaintiff for disorderly conduct,
which entitled them to qualified immunity on the Fourth Amendment claim.  Id. at 1382-83.

With respect the First Amendment claim, the Eleventh Circuit noted that the plaintiff was
"clearly engaging in protected speech in a traditional public forum" at the time of the arrest.  Id. at
1383.  Despite this finding, it held that the defendants officers remained entitled to qualified
immunity because "when an officer has arguable probable cause to believe that a person is
committing a particular public offense, he is entitled to qualified immunity from suit, even if the
offender may be speaking at the time that he is arrested."  Id. at 1384.

The facts alleged in Plaintiff's Complaint are indistinguishable from that in Redd.  Plaintiff
alleged that she was audio-recording the individual defendants without there consent.  As a result,
the individual defendants had probable cause to place her under arrest for violating Section 934.03,

Florida Statutes, and are therefore entitled to qualified immunity.  Plaintiff's allegation that she was also engaging in protected speech at the time of her arrest does not change this result.

Second, the **alleged** unconstitutionality of Section 943.03, Florida Statutes, has no bearing on the individual defendants' entitlement to qualified immunity.  Cooper v. Dillon, 403 F.3d 1208, 1219-21(11th Cir. 2005).  In Cooper, the plaintiff sued the defendant police chief in both his individual and official capacity for declaratory and injunctive relief and damages under 42 U.S.C. § 1983 alleging that the defendant's enforcement of an allegedly unconstitutional statute violated his First, Fourth, and Fourteenth Amendment rights.  Id. at 1213.  In the opinion, the Eleventh Circuit declared that the statute under which the defendant arrested the plaintiff was unconstitutional under the First Amendment.  Id. at 1213-19.

Despite this holding, the Eleventh Circuit found that the defendant was eligible for qualified immunity because he was acting under his discretionary authority in enforcing the statute and its unlawfulness was not clearly established.  Id. at 1220.  It noted that "[a]t the time of [the plaintiff's] arrest, the statute had not been declared unconstitutional, and therefore it could not have been apparent to [the defendant] that he was violating [the plaintiff's] constitutional rights."  Id.

For these reasons, Plaintiff's allegation that Section 943.03, Florida Statutes, is unconstitutional does not make the individual defendants less entitled to the protections of qualified immunity.  Similar to Cooper, the individual defendants were acting under their discretionary authority in enforcing a statute which had not been found to be constitutionally suspect.

### III.  <u>Migut</u> Is Persuasive

Plaintiff also asserts that <u>Migut</u> should be disregarded because it, as an unpublished opinion, in not binding Eleventh Circuit precedent and because it failed to address <u>Smith</u>.  As the case law cited by Plaintiff holds, unpublished opinions may be cited as persuasive authority.  The individual defendants submit that the rational of <u>Migut</u> is persuasive because (1) it is a <u>per  curiam</u> opinion of a three judge panel of the  Eleventh Circuit, (2) was decided just over five years ago, and (3) has almost identical facts to those alleged in the Complaint.  The fact it did not address the <u>Smith</u> case does not make it any less persuasive.  As explained above, <u>Smith</u> is inapplicable for several reasons.

### IV.  Officer's Conversations With Juvenile Private

Finally, Plaintiff argues that Section 934.03, Florida Statutes, was not applicable because the individual defendants had no expectation of privacy as to their conversations with her son which were conducted in a public place.

However, "under Florida law, public places are not necessarily excluded from the statute, except when the public place is a public meeting." <u>Brandin v. State</u>, 669 So.2d 280, 281 (Fla. Dist. Ct. App. 1996) ("We cannot agree with the state's assertion that conversations occurring in public areas can never be made with an expectation of privacy. Common experience teaches that the opposite may often be true.")  In addition, the State of Florida has stated through Section 985.04, Florida Statutes, that conversations between law enforcement officers and juvenile offenders are confidential.

As such, it was entirely reasonable of the individuals defendants to expect that their conversations with a juvenile suspected of committing a crime would be private.  Moreover, the

**Sharron Ford v. City of Boynton Beach, et al**
**Case No. 10-CIV-80844 ZLOCH/Rosenbaum**

individual defendants' expectation has been expressly recognized by the State through Section

985.04.

      Dated: August 18th, 2010            Respectfully submitted,

Fort Lauderdale, Florida

                             BY:    /s/Michael T. Burke
                               MICHAEL T. BURKE
                               Florida Bar No. 338771
                               HUDSON C. GILL
                               Florida Bar No. 15274
                               *Counsel for Defendants*

**Sharron Ford v. City of Boynton Beach, et al**
**Case No. 10-CIV-80844 ZLOCH/Rosenbaum**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2010, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record identified on the attached Service List via transmission of

Notice of Electronic Filing generated by CM/ECF

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:      (954) 463-0100
Facsimile:      (954) 463-2444


  /s/ Michael T. Burke
MICHAEL T. BURKE
Florida Bar Number: 338771

#30-233 MTB

10

Sharron Ford v. City of Boynton Beach, et al
Case No. 10-CIV-80844 ZLOCH/Rosenbaum

## SERVICE LIST

### Sharron Ford v. City of Boynton Beach, et al
### Case No. 10-CIV-80844 ZLOCH/Rosenbaum
### United States District Court, Southern District of Florida


Randall C. Marshall, Esquire
rmarshall@aclufl.org
Legal Director
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Ste. 340
Miami, Florida 33137
*Attorneys for Plaintiff*
Telephone: 786-363-2700
Fax:          786-363-1108

James K. Green, Esquire
Jameskgren@bellsouth.net
James K. Green, P.A.
Suite 1650 Esperante
222 Lakeview Ave.
West palm Beach, FL 33401
*Attorneys for Plaintiff*
Telephone:   561-659-2029
Fax:             561-655-1357


Michael T. Burke, Esquire
burke@jambg.com
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Attorney for Defendants
Telephone:    (954) 463-0100
Fax:              (954) 463-2444

11