```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 10-80844-CIV-ZLOCH
```

SHARRON TASHA FORD,

    Plaintiff,

vs.                                              **O R D E R**

CITY OF BOYNTON BEACH, and
ROBERT KELLMAN, RICKY LAUTURE, and
RUSSELL FAINE, in their individual
capacities,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Motion To Dismiss (DE 3) filed herein by Defendants Robert Kellman, Ricky Lauture, and Russell Faine.  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    Plaintiff Sharron Tasha Ford initiated the above-styled cause with the filing of a Complaint (DE 1) in state court alleging, <u>inter alia</u>, that Defendants Kellman, Lauture, and Faine, all police officers employed by the City of Boynton Beach, Florida (collectively "Defendant Officers"), deprived her of her First and Fourth Amendment Rights pursuant to 42 U.S.C. § 1983 when they arrested her for allegedly intercepting an oral communication under Fla. Stat. Ann. § 934.03 and for allegedly obstructing justice under Fla. Stat. Ann. § 843.02.  Defendants then removed the above-styled cause to this Court pursuant to 28 U.S.C. § 1441.  Defendant Officers next filed the instant Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting that (1) Officers Kellman and Faine were uninvolved in the arrest and that (2) Officer Lauture, who did arrest Plaintiff, is entitled to qualified immunity.  The Court has federal question jurisdiction under 28 U.S.C. § 1331 in this matter by virtue

of Plaintiff's § 1983 claims.  For the reasons detailed below, the Court will grant the instant Motion To Dismiss (DE 3) in part and deny in part.

## I. Background

On February 28, 2009, the Boynton Beach Police called Plaintiff Sharron Tasha Ford to the Muvico Theatre in Boynton Beach, Florida, because they had detained her minor son on suspicion of trespassing. Plaintiff arrived at the Theatre with her three-year-old daughter where she encountered Officers Kellman and Faine detaining her son in the parking lot.  Plaintiff immediately began videotaping[1] her interaction with Officers Kellman and Faine.  Boynton Beach Police Officers Lugo and Lauture then arrived at the scene.  It is undisputed that Officer Kellman and Officer Lauture told Plaintiff it was illegal for her to use her videocamera to audiotape the Officers' statements. DE 1, ¶¶ 14, 16, & 18.  According to Plaintiff, Officers Kellman and Lauture then told Plaintiff's son that he could not go home because of his mother's conduct.  Plaintiff then allegedly told her son not to worry because "it's all on video" and that he should "let [the Officers] be who they continue to be."  DE 1, ¶ 17. Plaintiff alleges that it was in reaction to this statement that Officer Lauture arrested her and confiscated her videocamera. Plaintiff was arrested for violating F.S.A. § 934.03(1)(a), Interception Of Oral Communication, <u>and</u> according to Plaintiff, for violating Fla. Stat. Ann. § 843.02, Resisting Officer Without Violence To His Or Her Person.  The Office of the State Attorney declined to file any criminal charges.

---

[1] It is undisputed that Plaintiff's videocamera also recorded sound.

2

## II. Analysis

As an initial matter, the Court notes that Plaintiff's Complaint (DE 1) neither asserts that Officers Kellman and Faine took part in her arrest, nor that they confiscated her videocamera. See e.g., DE 1, ¶¶ 17 & 18. Accordingly, the Complaint does not state a cause of action upon which relief can be granted as to Defendants Kellman and Faine and thus the Court must dismiss Count III of the Complaint as to those two Defendants. The Court now considers Defendant Lauture's arguments.

### A. Intercepting Oral Communication

Defendant Lauture contends that he is entitled to qualified immunity and thus the Court should dismiss Count III of the Complaint (DE 1). "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." McCollough v. Antolini, 559 F. 3d 1201, 1205 (11th Cir. 2009) (internal citation omitted) (quoting Lee v. Ferraro, 284 F. 3d at 1193-94). "In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." McCollough, 559 F. 3d. at 1205 (internal quotations omitted). "If the official was acting within the scope of his discretionary authority...the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate." Id. It is undisputed that Defendant Lauture was acting within the scope of his discretionary authority. Thus the burden shifts to Plaintiff.

To overcome the defense of qualified immunity, Plaintiff's burden is to show: "first, that the facts viewed in the light most

3

favorable to the plaintiff establish a constitutional violation by the officers, and second that it was clearly established at the time of the incident that the actions of the defendant were unconstitutional." McCollough, 559 F. 3d. at 1205 (quoting Pearson v. Callahan, 555 U.S. 223, at 814-815, 817-818 (2009)). If Plaintiff cannot make this showing, the Court must grant qualified immunity. The Court now turns to the first prong.

1. Alleged Fourth Amendment Violation For False Arrest

Plaintiff argues that Defendant Lauture lacked probable cause to arrest her for violating Fla. Stat. Ann. § 934.03(1)(a) and thereby violated the Fourth Amendment. The law is clear, "[a] warrantless arrest without probable cause violates the Constitution and provides the basis for a section 1983 claim[,]" but "[t]he existence of probable cause at the time of arrest...constitutes an absolute bar to a section 1983 claim for false arrest." Case v. Eslinger, 555 F. 3d 1317, 1326-1327 (11th Cir. 2009) (internal quotation omitted). "Probable cause to arrest exists when law enforcment officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Id. at 1327 (internal citation omitted). Even failing probable cause, arguable probable cause exists where "[a] reasonable officer, in the same circumstances and possessing the same knowledge as the defendant, could have believed that probable cause existed to arrest." Lee, 284 F. 3d 1188, 1195 (11th Cir. 2002).

Section 934.03(1)(a) provides in relevant part:

> (1) Except as otherwise specifically provided in this chapter, any person who:
>
> (a) Intentionally intercepts, [or] endeavors to intercept...any...oral conversation; . . . shall be punished as provided in subsection (4).

Fla. Stat. Ann. § 934.03(4). Subsection (4) classifies the offense

4

as a third degree felony.

Section 934.02(3) defines "intercept" as "the aural or other acquisition of the contents of any...oral communication through the use of any electronic, mechanical, or other device." The Florida Supreme Court has held that Section 934.03 prohibits the tape recording of a face-to-face conversation in which one is participating without the consent of all parties. See State v. Tsavaris, 394 So. 2d 418, 420 (Fla. 1981). Plaintiff does not deny that she "intercepted" oral police declarations. Instead, she argues that these declarations were not protected oral communications within the meaning of the statute.

Section 934.02(2) defines oral communication as

> any oral communication uttered buy a person exhibiting an expectation that such communication is not subject to interception under such circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.

F.S.A. § 934.02(2). The Florida Supreme Court has held that this definition is analogous to the Fourth Amendment standard for reasonable expectation of privacy. See Stevenson v. State, 667 So. 2d 410, 412 (Fla. Dist. Ct. App. 1996). Where the speaker has a subjective expectation of privacy and that expectation is objectively reasonable, "the statute has been violated whether the intercepted communication is private in nature or not." Id. at 412 (citation omitted). It is undisputed that Defendant Officers subjectively believed their conversations with Plaintiff and Plaintiff's son were entitled to privacy, and that they expressed this belief to Plaintiff. However, Plaintiff challenges this belief as objectively unreasonable since those conversations occurred in a public area; namely, on a public sidewalk in the parking lot of a movie theater. The Court cannot agree for two reasons.

5

First, the plain text and framework of the statute demonstrate that public places are not excluded from the statute's reach per se. The Court need not support this conclusion with an exhaustive analysis of Section 934's text because several courts have already done so quite capably, including the Eleventh Circuit. See Migut v. Flynn, 131 Fed. Appx. 262 (11th Cir. 2005). However, two points bear emphasis. First, Section 934.02(2)'s definition of "oral communication" explicitly exempts only two types of communications: (1) statements made at public meetings; and (2) electronic communications. Should it have wished to, the Florida legislature could also have exempted statements made by police officers in public places. It did not. Second, Section 934.03(2)(c) creates an exception that allows police to record oral communications where the officer is a party to the communication, or where one of the parties consents. As Plaintiff concedes, this is a "one-way" exception: it permits the police to record citizens but it does not permit citizens to record the police. The statute's text and framework, therefore, do not exclude oral communications made in public places.

Second, at least two courts have found that police officers have arguable probable cause to believe Section 934.03 has been violated when citizens audiotape their conversations with police officers. See Migut v. Flynn, 131 Fed. Appx. 262 (11th Cir. 2005); see also State v. Keen, 384 So. 2d. 284 (Fla. Dist. Ct. App. 1980) (holding that officer had probable cause to believe that Section 934.03 had been violated when suspect recorded his conversation with a second police officer earlier that day during a non-custodial interaction at a jail).

For instance, in Migut v. Flynn, Migut, a tow truck operator, used a handheld device to record his conversation with the detaining officer at a traffic stop. The officer instructed Migut to turn the

6

device off and when he refused, the officer arrested him for violating Section 934.03. After Migut filed suit, the district court dismissed his false arrest claim finding that the officer was entitled to qualified immunity because he had arguable probable cause to arrest Migut for the recording. A three-judge panel of the Eleventh Circuit Court of Appeals affirmed.

Plaintiff rejoins that Migut is distinguishable because Migut's recording occurred in the private or semi-private cab of his tow truck. It is true that "[c]onversations occurring inside an enclosed area or in a secluded area are more likely to be protected under section 934.02(2)." Stevenson, 667 So. 2d. at 412 (quotation omitted). However, as noted above, public places are not excluded from the statute per se. See Migut, 131 Fed. Appx. at 265 (citing Brandin v. State, 669 So. 2d. 280, 281 (Fla. Dist. Ct. App. 1996) ("We cannot agree with the state's assertion that conversations occurring in public areas can never be made with an expectation of privacy. Common experience teaches that the opposite may often be true.")).

Accordingly, the Court finds that Defendant Lauture had at least arguable probable cause to arrest Plaintiff for violating Fla. Stat. Ann. § 934.03. Thus, Plaintiff has not met her burden under the first prong of the Eleventh Circuit's qualified immunity test. Having found no constitutional violation, the Court need not reach the second prong regarding whether Plaintiff had a "clearly established" constitutional right to audiotape Defendant Officers. See Case v. Eslinger, 555 F. 3d at 1326-1327 (holding that probable cause constitutes an absolute bar to a § 1983 claim for false arrest).

But even assuming that Plaintiff's audiotaping enjoyed some degree of First Amendment protection, the Court notes that First

7

Amendment interests are not absolute where police have probable cause to believe the speaker is committing a public offense. See Redd v. City of Enterprise, 140 F. 3d 1378, 1383 (11th Cir. 1998). In Redd, police officers arrested two men preaching the Bible on a street corner for disorderly conduct. After the district court denied their summary judgment motion, the Eleventh Circuit reversed, holding that the officers were entitled to qualified immunity because they had probable cause to believe that the preachers were committing disorderly conduct. See id. This was so despite the Court's finding that the plaintiffs were engaging in protected speech in a traditional public forum. Id. at 1383.

As the Eleventh Circuit explained:
> When a police officer has probable cause to believe that a person is committing a particular public offense, he is justified in arresting that person, even if the offender may be speaking at the time he is arrested...Likewise, when an officer has arguable probable cause to believe that a person is committing a particular public offense, he is entitled to qualified immunity from suit, even if the offender may be speaking at the time he is arrested.

Id.

In the instant case, the Court has already found that Defendant Lauture had at least arguable probable cause to believe that Plaintiff was violating Fla. Stat. Ann. § 934.03. See infra Part II.A.1. Therefore, the Court finds that he is entitled to qualified immunity even if Plaintiff's audiotaping enjoyed some degree of First Amendment protection.

### 2. Constitutionality of Fla. Stat. Ann. § 934.03

Plaintiff also argues that Fla. Stat. Ann. § 934.03 is unconstitutional because it is not content neutral and because, even assuming arguendo that it is content neutral, it is not narrowly

8

tailored to serve a legitimate government interest. See DE 9, pp. 3-11. Plaintiff cites to Smith v. City of Cumming, 212 F. 3d 1332 (11th Cir. 2000) for the proposition that the "right to photograph or videotape police conduct" is protected by the First Amendment. See DE 9, pp. 2-11. But this constitutional challenge is irrelevant to the Court's qualified immunity analysis. See Cooper v. Dillon, 403 F. 3d 1208, 1220 (11th Cir. 2005). Rather, the Court must determine whether the challenged statute had been declared unconstitutional at the time of Plaintiff's arrest. Id. Because Section 934.03's constitutionality was intact on the date of Plaintiff's arrest, the Court need not address Plaintiff's ex post facto attack upon it. Id. at 1219-1221.

### B. Obstruction Of Justice

The Court now turns to Plaintiff's arrest for allegedly violating Fla. Stat. Ann. § 843.02, Resisting Officer Without Violence To His Or Her Person, commonly understood as obstruction of justice. It is undisputed that Plaintiff was arrested, in part, for violating this Section. In her Response, Plaintiff appears to argue that in Count III of her Complaint, she pleaded two Section 1983 violations based upon her arrest for (1) Section 843.02 (obstruction of justice) and (2) Section 934.03 (intercepting communication). She further argues that Defendant's Motion To Dismiss (DE 3) fails to address her § 843.02 claim entirely. The Court agrees.

Federal Rule of Civil Procedure 10(b) instructs pleaders that: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count..." Thus, a pleader may combine multiple theories of recovery into a single count as long as those theories are premised on the same transaction or occurrence. Lamar Advertising of Mobile, Inc. v. City

9

of Lakeland, Fla., 980 F. Supp. 1455, 1458 (M.D. Fla. 1997).

Here, the Court finds that Count III of Plaintiff's Complaint is founded on a single occurrence; namely, Defendant Lauture's arrest of Plaintiff. Thus, Rule 10(b) does not apply, and Plaintiff was entitled to plead two theories of recovery for her arrest in a single count. See Lamar, supra.

In addition, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Count III of Plaintiff's Complaint states, in relevant part:

> 29. Defendant police officers violated Plaintiff's First and Fourth Amendment rights when they arrested her for engaging in activity protected by the First Amendment, for which 42 U.S.C. § 1983 provides a remedy.

DE 1, ¶ 29 (emphasis added). The First Amendment "activity" of which Plaintiff speaks appears to include, in addition to her audiotaping police conversations, Plaintiff's remarks to her son in the presence of Defendants. These remarks are clearly set forth in two factual allegations in her Complaint. First, according to Plaintiff, Officer Lauture's stated reason for arresting her was that she told her son "not [to] worry because 'it's all on video'" and to "let [the Officers] be who they continue to be." DE 1, ¶ 17. Second, Defendant Lauture allegedly told Plaintiff that he was arresting her not just for audiotaping the Officers, but also for asking "too many questions concerning her son." DE 1, ¶ 18.

Defendant Lauture does not respond to this obstruction of justice claim in his Motion To Dismiss (DE 3), or in his Reply (DE 14), despite the fact that Plaintiff restated it in her Response To his Motion To Dismiss (DE 9) and pointed out his failure to address it. See DE 9, p. 16. Thus, even if it was not reasonably clear to Defendant Lauture when he filed his Motion To Dismiss (DE 3) that

10

Plaintiff was asserting a second Section 1983 claim in Count III based on Section 842.03, Plaintiff's Response (DE 9) dispelled any doubt about this fact. See DE 9, p. 16; see also Pegram v. Hendrich, 530 U.S. 211, 229 (holding that a plaintiff may use her legal memorandum to clarify allegations in her complaint). Thus, the Court finds that Count III of Plaintiff's Complaint substantially complied with Rule 8(a)(2) by putting Defendant on notice that Plaintiff was asserting a § 1983 claim based on her arrest for obstruction of justice under § 843.02. See DE 1, ¶¶ 8, 17-18, 29. And since Defendant Lauture's Motion To Dismiss (DE 3) does not address Plaintiff's obstruction of justice claim, the Court will deny the instant Motion To Dismiss (DE 3) as to Plaintiff's obstruction of justice claim in Count III. That claim remains operative.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Motion To Dismiss (DE 3) filed herein by Defendants Robert Kellman, Ricky Lauture, and Russell Faine be and the same is hereby **GRANTED** in part and **DENIED** in part, as follows:

    a. The Motion To Dismiss (DE 3) filed herein by Defendants Robert Kellman, Ricky Lauture, and Russell Faine be and the same is hereby **GRANTED** as to Defendants Kellman and Faine;

    b. The Motion To Dismiss (DE 3) filed herein by Defendants Robert Kellman, Ricky Lauture, and Russell Faine be and the same is hereby **GRANTED** as to Defendant Lauture, to the extent that Plaintiff's Complaint challenges Plaintiff's arrest for allegedly violating Fla. Stat. Ann. § 934.03;

    c. The Motion To Dismiss (DE 3) filed herein by Defendants Robert Kellman, Ricky Lauture, and Russell Faine be and the same is hereby **DENIED** as to Defendant Lauture, to the extent that Plaintiff's

11

Complaint challenges Plaintiff's arrest for allegedly violating Fla. Stat. Ann. § 843.02;

    2. Count III of Plaintiff Sharron Tasha Ford's Complaint (DE 1) be and the same is hereby **DISMISSED** as to Defendants Kellman and Faine; and

    3. Count III of Plaintiff Sharron Tasha Ford's Complaint (DE 1) be and the same is hereby **DISMISSED** as to Defendant Lauture, to the extent that Count III challenges Plaintiff's arrest for allegedly violating Fla. Stat. Ann. § 934.03.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   23rd    day of March, 2011.

                                                WILLIAM J. ZLOCH
                                                United States District Judge

Copies furnished:

All Counsel Of Record